UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| TYSON JAMES AUCOIN,<br><br>　　　　　　Petitioner,<br><br>　　v.<br><br>B. BIRKHOLZ,<br><br>　　　　　　Respondent. | Case No. 2:25-cv-06678-KK-JC<br><br>MEMORANDUM OPINION AND ORDER DISMISSING ACTION |

## I. BACKGROUND AND SUMMARY

On July 16, 2025, Petitioner filed a Petition for Writ of Habeas Corpus by a Person in Federal Custody pursuant to 28 U.S.C. § 2241 ("Petition) with a supporting Memorandum ("Petition Memo"), asserting that the Bureau of Prisons ("BOP") has failed correctly to calculate Petitioner's federal time credits earned under the First Step Act of 2018. (Docket Nos. 1, 2). The Petition and Petition Memo reflect that Petitioner's Registration No. is 64058-510, and that he was then housed at FCI Lompoc I, 3600 Guard Road, Lompoc, CA 93436 ("Address of Record").

On July 30, 2025, the matter was assigned to this Court and referred to a United States Magistrate Judge (see Notice of Judge Assignment and Reference to a

1  United States Magistrate Judge ("Notice") (Docket No. 3)) who, on the same date,
2  issued (1) an Order Regarding Requirements for Preparation and Submission of
3  Documents ("Pro Se Order"); and (2) an Order Requiring Answer to Petition for
4  Writ of Habeas Corpus ("Case Management Order") (collectively "July Orders").
5  (Docket Nos. 4-5).  The Notice and July Orders were sent to Petitioner at his
6  Address of Record and all notified Petitioner of his obligation to keep the Court
7  informed of his current address and of the consequences of failing to do so.
8  (Docket Nos. 3-5).  The Case Management Order set a briefing schedule on the
9  Petition which the Court subsequently extended at Respondent's request.  (See
10 Docket Nos. 5, 8).

11      On August 18, 2025, the Notice and July Orders that were sent to Petitioner
12 were returned by the Postal Service as undeliverable.  (Docket Nos. 9-11).  On
13 August 29, 2025, Respondent filed an Opposition to the Petition ("Opposition")
14 which reflected that Petitioner had been transferred from FCI Lompoc to prerelease
15 custody at an RRC in Phoenix and was accompanied by a proof of service which
16 reflected that the Opposition was sent to Petitioner at Geo Care, 1585 West 2100
17 South, Salt Lake City, Utah 84119 ("Utah Address").  The BOP Inmate Locator
18 (www.bop.gov/inmateloc/) then reflected that Petitioner, Registration No.
19 64058-510, was located at the Residential Reentry Management Phoenix, 230 North
20 First Avenue, Suite 405, Phoenix, Arizona 85003 ("Arizona Address").

21      In light of the foregoing, the Magistrate Judge, on September 2, 2025, issued
22 an order ("September Order"), directing the Clerk to send the Notice, the July
23 Orders, and other items to Petitioner at three addresses:  Petitioner's Address of
24 Record, the Arizona Address, and the Utah Address.  (Docket No. 13).  The
25 September Order further directed Petitioner to file a notice updating the Court with
26 his current address within fourteen (14) days (*i.e.*, by September 16, 2025), and
27 cautioned that the failure timely to do so may result in the dismissal of this action
28 ///

pursuant to Local Rule 41-6, for failure to prosecute, and/or for failure to comply with the September Order. (Docket No. 13).

On September 18, 2025, the copy of the September Order that was sent to Petitioner at his Address of Record was returned as undeliverable. (Docket No. 14). The copies of the September Order that were sent to Petitioner at the Arizona and Utah Addresses have not been returned. The BOP Inmate Locator (www.bop.gov/inmateloc/) currently reflects that Petitioner, Registration No. 64058-510, has not been in BOP custody as of October 6, 2025.

To date, Petitioner has failed to notify the Court of his new/updated address.

As discussed below, this action is dismissed due to Petitioner's failure to keep the Court apprised of his correct address, which amounts to a failure to prosecute.

## II. DISCUSSION

Pursuant to Local Rule 41-6, a party proceeding *pro se* is required to keep the Court apprised of his current address at all times. Local Rule 41-6 provides in pertinent part:

> A party proceeding *pro se* must keep the Court and all other parties informed of the party's current address as well as any telephone number and e-mail address. If a Court order or other mail served on a *pro se* plaintiff at his address of record is returned by the Postal Service as undeliverable and the *pro se* party has not filed a notice of change of address within 14 days of the service date of the order or other Court document, the Court may dismiss the action with or without prejudice for failure to prosecute.

In the instant case, more than 14 days have passed since the service dates of the Notice, the July Orders, and the September Order. As noted above, to date, Petitioner has not notified the Court of his new address.

///

The Court has the inherent power to achieve the orderly and expeditious disposition of cases by dismissing actions for failure to prosecute. See Fed. R. Civ. P. 41(b); Link v. Wabash R.R., 370 U.S. 626, 629-30 (1962). In determining whether to dismiss an action for failure to prosecute, a district court must consider several factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendant/respondent; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives. See In re Eisen, 31 F.3d 1447, 1451 (9th Cir. 1994). Dismissal is appropriate under the foregoing analysis "where at least four factors support dismissal . . . or where at least three factors 'strongly' support dismissal." Hernandez v. City of El Monte, 138 F.3d 393, 399 (9th Cir. 1998) (citations omitted).

The Court finds that the first two factors – the public's interest in expeditiously resolving this litigation and the Court's interest in managing the docket, weigh in favor of dismissal. The Court cannot hold this case in abeyance indefinitely based on Petitioner's failure to notify the Court of his correct address. See Carey v. King, 856 F.2d 1439, 1440-41 (9th Cir. 1988) (affirming dismissal of action for lack of prosecution pursuant to local rule which permitted such dismissal when pro se plaintiff failed to keep court apprised of correct address; "It would be absurd to require the district court to hold a case in abeyance indefinitely just because it is unable, through plaintiff's own fault, to contact the plaintiff to determine if his reasons for not prosecuting his lawsuit are reasonable or not."). The third factor, risk of prejudice to the Respondent, also weighs in favor of dismissal since a presumption of injury arises from the occurrence of unreasonable delay in prosecuting an action. Anderson v. Air West, Inc., 542 F.2d 522, 524 (9th Cir. 1976). The fourth factor, the public policy favoring disposition of cases on their merits, is greatly outweighed by the factors in favor of dismissal discussed herein. Finally, given the Court's inability to communicate with Petitioner based

on his failure to keep the Court apprised of his current address, no lesser sanction is feasible.  See Musallam v. United States Immigration Service, 2006 WL 1071970 (E.D. Cal. Apr. 24, 2006).

### III.   ORDER

IT IS THEREFORE ORDERED that this action is dismissed for want of prosecution based upon Petitioner's failure to keep the Court apprised of his current address.

IT IS SO ORDERED.

DATED: December 8, 2025

_____
HONORABLE KENLY KIYA KATO
UNITED STATES DISTRICT JUDGE